IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,
vs.                                      **Case No. 06-40080-01-RDR**

HENRY OSVALDO MARTINEZ,

           Defendant.

### MEMORANDUM AND ORDER

Defendant is charged with possession with intent to distribute cocaine. This case arises from a traffic stop and a consent search. This case is now before the court upon defendant's motion to suppress.

Facts

The facts surrounding the motion to suppress appear to be as follows. Defendant was driving a 2005 Jeep Liberty on I-70 in Riley County, Kansas at approximately 8:00 p.m. on May 21, 2006. It was still daylight. A female passenger was with defendant. Kansas Highway Patrol Trooper Andrew Dean did not see a license tag on the back of the vehicle. So, he decided to pull the Jeep over. In fact, the Jeep had no license tag in the rear. Trooper Dean exited his patrol car and approached the vehicle on the passenger side. He spoke to defendant who pointed to the lower right-hand corner of the windshield where a "one-trip permit" issued by the State of California was taped. The "one-trip permit" was made out to defendant, had the VIN of the Jeep, and was dated May 20, 2006.

According to the backside of the permit, it is to be used: "For moving an unladen vehicle for one continuous trip from a place within this state to a place within or without this state [or] from a place without this state to a place within this state" or "For moving a vehicle for one round trip from one place or another for purposes of participating as a vehicular float or display in a parade or exhibition provided the round trip is completed within 60 days and does not exceed 100 miles." "Round trip" is checked on the permit. "Buffalo, New York" is listed as the destination of the vehicle. According to instructions on the back of the permit, the permit "is to be affixed to the inside lower right-hand corner of the windshield with the face of the permit showing to the front of the vehicle."

A temporary vehicle identification was also taped in the same area of the windshield. This listed the VIN of the vehicle as well as the date it was sold as a new vehicle.

Trooper Dean asked to see defendant's registration paperwork. Defendant provided a salvage title, driver's license, transfer receipt for the one-trip permit and proof of insurance. Trooper Dean asked defendant about his travel plans. Defendant said that he was traveling from Los Angeles, California to Buffalo, New York to start a tattoo parlor. Defendant said he and his passenger had a place to stay in Buffalo, but later seemed to backtrack and say

that they were going to look around for a place to stay.[1] Defendant appeared very nervous throughout the traffic stop. His hands were shaking when he handed Trooper Dean his identification documents. Trooper Dean also noticed that there was very little luggage in the vehicle, which seemed odd given the long trip.

Trooper Dean returned to his patrol car and ran a computer check on defendant's driver's license. The license was valid and defendant did not have a criminal history involving drugs. Trooper Dean, who was assisted by Kansas Highway Patrol Trooper Ranieri, noted that the salvage title was not signed over to defendant.

Trooper Dean walked back to defendant's vehicle, returned defendant's paperwork and gave defendant a warning ticket for a violation of K.S.A. 8-133, regarding the display of the vehicle's license or registration. He told defendant to "Have a good one" and stepped back towards the rear of the vehicle. Then, Trooper Dean stepped back forward and sought permission to ask a couple more questions. Defendant assented. Trooper Dean asked if defendant had drugs or guns in his vehicle. Defendant replied negatively. Then Trooper Dean asked for consent to search the vehicle, which was given. During the search Trooper Dean found evidence of a hidden compartment. Eventually, a large amount of

---

[1] This description of the travel plans seems at odds with the statutory purpose for a "one-trip permit" for a "round trip" as designated on the permit and in CAL. VEH. CODE § 4003. There is no indication that this discrepancy played a part in Trooper Dean's conduct of the traffic stop in this case.

cocaine was found in the compartment.

### Statutory law

Kansas law, K.S.A. 8-133, requires that a license plate be attached "to the rear" of the vehicle and that it be "clearly visible" and "clearly legible." K.S.A. 8-126a states that when provisions relating to the registration of motor vehicles use the term "license plate", that term includes "any plate, tag, token, marker or sign issued under the provisions of this act for the purpose of identifying vehicles registered under the provisions of the motor-vehicle registration laws of this state . . ." The requirements of K.S.A. 8-133 have been construed to apply to temporary registration permits from other states through the operation of K.S.A. 8-126a. U.S. v. Edgerton, 438 F.3d 1043, 1046 n.2 (10th Cir. 2006).

Although the "one-trip permit" states on the back of the permit that it should be affixed to the inside lower right-hand corner of the windshield, the California Vehicle Code simply requires that it be "posted upon the windshield or other prominent place upon a vehicle." CAL. VEH. CODE § 4003.

### Defendant's argument

Defendant does not contest the legality of pulling over the Jeep in this case. Defendant concedes that Trooper Dean had sufficient cause to suspect that the Jeep was traveling without a license plate or other necessary permit in violation of K.S.A. 8-

133.

Defendant argues that suppression is warranted under the holdings of U.S. v. McSwain, 29 F.3d 558 (10th Cir. 1994) and U.S. v. Edgerton, supra because the traffic stop continued after Trooper Dean should have known that there was no violation of K.S.A. 8-133. Defendant contends that there was no violation of K.S.A. 8-133 because he affixed his "one-trip permit" to the front windshield in accordance with California law.

Tenth Circuit cases involving traffic stops for the improper display of license plates and temporary registration tags

There are several Tenth Circuit cases that involve traffic stops of vehicles with license plates or temporary permits which, for various reasons, were difficult to read. All of these cases, however, deal with temporary permits or license plates attached to the rear of the vehicles.

In McSwain, a Utah trooper stopped a Colorado vehicle with a temporary registration sticker posted in the rear window. When he approached the vehicle, the trooper observed that the sticker was valid, but continued with some of the routine inquiries associated with a traffic stop, and also conducted a criminal history check. Ultimately, he requested and received consent to search the vehicle. The Tenth Circuit held that the detention of the vehicle's occupants became illegal after the purpose of the stop, i.e., checking the validity of the temporary registration sticker, was satisfied and the sticker was found to be valid. The later

questioning violated the Fourth Amendment.  29 F.3d at 560-62.

In U.S. v. DeGasso, 369 F.3d 1139 (10th Cir. 2004) an Oklahoma trooper stopped a truck with a rear license plate mounted too low, obscuring the lettering at the bottom of the tag.  It was a Mexican license plate.  The Circuit held that the Oklahoma statute requiring all letters and numbers of a license plate be "clearly visible at all times" applied to out-of-state vehicles.  The Circuit found that the trooper had sufficient objective justification to find a violation of the statute, to issue a warning ticket, and to conduct the routine functions associated with a stop for a traffic violation.  In DeGasso, the stop led to a consent search.  The evidence obtained from the search was not suppressed.

In Edgerton, the same Trooper Dean who appears in the case at bar stopped a vehicle that did not have a license plate.  This stop occurred at nighttime.  Upon approaching the car, he noticed a Colorado temporary registration tag in the rear window.  It was a valid tag.  Trooper Dean gave a warning ticket for a violation of K.S.A. 8-133 and ultimately asked for and received consent to search the vehicle.  Drugs were found.  The Tenth Circuit held that this evidence must be suppressed under the principles of McSwain, because there was no objective justification for finding a violation of K.S.A. 8-133.  The court held that it was legal under the Kansas statute to place a temporary registration tag in the

6

rear window, and the statute was not violated simply because it was too dark outside to see or read the tag from the trooper's car.

In U.S. v. Ledesma, 447 F.3d 1307 (10th Cir. 2006), Kansas Highway Patrol Trooper Ranieri (who assisted Trooper Dean in this case) stopped a vehicle that did not appear to have a license plate or registration.  Upon approaching the car on foot, the trooper saw something that resembled a temporary registration in the rear window, but the extremely dark tinting of the rear window made the temporary registration tag hard to read.  The vehicle was registered in Michigan.  The Tenth Circuit ruled that it was proper to consider this a violation of K.S.A. 8-133.  The Circuit reasoned that the tag was not clearly visible because of a factor in the driver's control, the tinting of the window.  This was in contrast to Edgerton where nighttime conditions made it difficult to read the temporary registration tag.  The court further stated:

> That [the driver] appears to have complied with Michigan law by following the printed instructions on the sticker does not render the detention unreasonable, both because state troopers cannot be expected to possess encyclopedic knowledge of the traffic regulations of other states, and because Kansas courts have held that "the display of an illegible or obscured vehicle tag is a violation of K.S.A. 8-133 even if the vehicle is duly licensed in another state."

447 F.3d at 1313 (quoting State v. Hayes, 8 Kan.App.2d 531, 660 P.2d 1387, 1389 (1983)).  Therefore, the extended detention which led to a consensual search of the vehicle was legal and did not require suppression of evidence.

Finally, in U.S. v. Arciga-Bustamante, 2006 WL 1659779 (10th Cir. 2006), a vehicle with Oregon license plates was stopped in Oklahoma because the rear tag had a decorative border which obstructed the letters showing the state of issuance in violation of Oklahoma law.  The vehicle had a front license plate that was not obstructed.  The Tenth Circuit reaffirmed its holding in DeGasso that the Oklahoma statute applied to out-of-state vehicles.  The Tenth Circuit also held that the fact that the front tag was clearly visible did not exculpate the driver or render the detention illegal.  The court stated:

> Title 47 Okla. Stat. § 1113-A.2 contemplates license plates being placed on the rear of the vehicle and requires them to be clearly visible.  Trooper Hyde testified, and the district court found, that he did not see the front tag of the vehicle before he initiated the stop and that when he turned, he could not read the state of issuance on the rear tag until he was on the shoulder, almost directly behind the vehicle.  "Officers should not be required to stop vehicles in order to read their tags."   U.S. v. Granados-Orozco, 2003 WL 22213129 (D.Kan.2003); see also, United States v. DeGasso, 369 F.3d 1139 (10th Cir. 2004), where the license place was "mounted too low obscuring the lettering at the bottom on the tag as a violation of Oklahoma law."

Id. at p.*6.

### Analysis

It appears to the court that the following points can be drawn from the above-cited cases and statutes.  Kansas law requires that license plates be affixed at the rear of a vehicle.  K.S.A. 8-133.  This law applies to temporary registration tags.  K.S.A. 8-126a; Edgerton, 438 F.3d at 1046 n. 2.  This law applies to out-of-state

vehicles. Ledesma, 447 F.3d at 1313; DeGasso, 369 F.3d at 1150; Arciga-Bustamonte, at p. *4; State v. Hayes, 660 P.2d 1387, 1389 (Kan.App. 1983). Compliance with out-of-state registration display requirements does not necessarily satisfy Kansas law. Ledesma, 447 F.3d at 1313 (compliance with Michigan law by following instructions on registration sticker does not render detention for violation of K.S.A. 8-133 unreasonable). A plainly visible license or registration in the front of the vehicle does not render detention unreasonable when, contrary to state law, there is no license or registration plainly visible at the rear of the vehicle. Arciga-Bustamonte, at p. *6.

Defendant asserts that compliance with California law is an "external condition" which renders his detention unreasonable under the Fourth Amendment just like nighttime is an external condition which under Edgerton had to be considered in deciding whether a temporary registration was "clearly legible" under K.S.A. 8-133. Doc. No. 13 at p. 8. We reject this argument for the following reasons. First, as already noted, in Ledesma the Tenth Circuit stated that compliance with Michigan law by following the printed instructions on a registration sticker did not render detention for a violation of K.S.A. 8-133 unreasonable. Second, although the instructions on the one-trip permit may indicate otherwise, the California Vehicle Code appears to require only that the one-trip permit be affixed at some "prominent place." CAL. VEH. CODE §

9

4003. Therefore, defendant may have been able to comply with California law, Kansas law, and perhaps the laws of other states by placing the temporary registration at the rear of the vehicle. Third, the law in this circuit is clear that K.S.A. 8-133, and laws like it, apply to out-of-state vehicles. Finally, compliance with California law does not prevent the enforcement of Kansas law in a matter involving the motor vehicle code. See U.S. v. Ramirez, 86 Fed.Appx. 384, 2004 WL 100525 (10th Cir. 2004) (upholding stop of Colorado van for violating Utah law regarding window tinting, even though tinting did not violate Colorado law).

Defendant also makes reference to the provisions of K.S.A. 8-138a which reads:

> The provisions of this section shall apply only to the nonresident owner or owners of any motor vehicle constructed and operated primarily for the transportation of the driver or the driver and one or more nonpaying passengers. Such nonresident owners, when duly licensed in the state of residence, are hereby granted the privilege of operation of any such vehicle within this state to the extent that reciprocal privileges are granted to residents of this state by the state of residence of such nonresident owner.

This statute grants duly licensed nonresident drivers the privilege of driving in the State of Kansas even though they are not licensed by the State of Kansas. It does not grant such drivers the right to display or not display tags in violation of Kansas law, even though the driver and vehicle are properly licensed and registered in another state. See Hayes, 660 P.2d at 1389.

Defendant asserts that the Kansas statutes are ambiguous and

10

that the rule of lenity must be applied so that the statutes are read in favor of defendant. We do not believe the Kansas statutes are ambiguous. Furthermore, a similar argument was rejected by the court in DeGasso, 369 F.3d at 1149-51. We reject it here.

Certification

Finally, the government has proposed that the court certify to the Kansas Supreme Court the question of whether certain Kansas statutes require that registration tags of any type be posted in a manner so that they can be seen from a distance of fifty feet to the rear of the vehicle. We believe certification of this question is unnecessary because the above-cited authorities provide controlling law in this situation.

Conclusion

For the above-stated reasons, the motion to suppress shall be denied.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2006 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge